IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | CR 15-00883-TUC-JAS (LAB) |
| Plaintiff, ) | **REPORT AND RECOMMENDATION** |
| vs. ) | |
| Mauro Fortino Flores-Villareal, ) | |
| Defendant. ) | |

The District Court referred this case to the Magistrate Judge for a hearing on the defendant's motion to dismiss indictment. (Doc. 19) The defendant, Mauro Fortino Flores-Villareal, argues that the indictment is insufficient and violates the Fifth and Sixth Amendments to the United States Constitution under *Apprendi v. New Jersey*.

An evidentiary hearing was held on October 19, 2015. The parties presented no testimony or evidence pertaining to this motion, agreeing to submit the motion to the Court on the pleadings.

**Charges:**

The defendant was initially charged in a two-count indictment with aiding and abetting possession with intent to distribute and conspiracy to possess with intent to distribute a Schedule I **or** Schedule II controlled substance. (Doc. 5). On 9/30/15 the defendant was charged in a two-count superseding indictment with the same offenses but the word "or" between the phrases "Schedule I" and "Schedule II" was replaced with the word "and." (Doc. 23). On 10/7/15 the defendant was charged in a second superseding indictment with the

same two counts, with the addition of the phrase "a detectable amount" in each charge, inserted before the phrase "of a Schedule I and Schedule II controlled substance." In all three indictments the first counts allege that the defendant violated Title 18 U.S.C. § 2 and Title 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). All Count Twos cite Title 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

**Motion to Dismiss:**

The defendant, Mauro Fortino Flores-Villareal, argues his Fifth and Sixth Amendment rights are being violated because neither the original, nor the two superceding indictments specify the type of controlled substance or the quantity of the controlled substance that the defendant allegedly aided and abetted the possession of or conspired to possess with intent to distribute. He claims that those facts are required to be stated in the indictment pursuant to *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which stands for the proposition that any fact that increases the maximum penalty of a crime must be charged in the indictment.

The government concedes that *Apprendi* and *U.S. v. Buckland*, 289 F.3d 558, 568 (9th Cir. 2002), stand for the proposition that due process requires that drug quantity and type be charged in the indictment. It acknowledges that the question of drug type and quantity must be submitted to the jury and that the government must allege the statutory maximum in the indictment. However, it explains that the remedy for a defective indictment is to supersede the indictment to cure the defect prior to trial, not dismissal. (Doc. 26). The day after it filed its response, the government filed the second superceding indictment alleging a detectable amount of a Schedule I and Schedule II controlled substance. Presumably the government believes that the second superceding indictment provides sufficient due process notice of the drug type and quantity to cure the defect in the prior two indictments.

The Court concludes that the second superceding indictment complies with *Apprendi*. The second superceding indictment quantifies the amount of drugs as "a detectable amount" and identifies the drugs involved as those contained in Schedules I **and** II. Title 21 U.S.C. § 841(b)(1)(C) specifies a 20-year statutory maximum sentence, absent death or serious bodily

injury from use of the substance, or a prior felony conviction for a drug offense.

**DISCUSSION**:

The defendant argues that the indictment is insufficient because it does not describe precisely the type and quantity of drugs involved and these facts will determine the maximum penalty that he will face if convicted at trial. Accordingly, he argues the type and quantity of drugs must be charged in the indictment. The defendant misapprehends the import of *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

*Apprendi* requires the government to plead and prove to the jury any "facts that increase the prescribed range of penalties to which a criminal defendant is exposed." *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 2363 (2000). Or to restate the Court's holding from the defendant's point of view: *Apprendi* guarantees that the penalty that the defendant will face at the end of the trial is cabined by the facts pleaded in the indictment. If those facts allow for a maximum sentence of 20 years, then the defendant cannot get any more than that.

Here, the defendant argues the indictment is insufficient because it does not specify precisely the type and quantity of drugs involved. He notes, for example that if the drug was marijuana and the quantity was 50 kilos or less, he would be exposed to a maximum fine of $250,000, but if the drug was marijuana and the quantity was over 50 kilos, he would be exposed to a $1,000,000 fine. The quantity and type of drug affect the defendant's exposure. And because the statutory maximum exposure is dependant on the quantity and type of drug, these facts must be pleaded under *Apprendi*. Not exactly.

The quantity and type of drug must be pleaded if these facts raise the defendant's exposure above that which the defendant faces under the unadorned indictment. If the indictment, absent these facts, exposes the defendant to a maximum fine of $100,000, then these facts must be pleaded if the government hopes for a higher sentence. If these facts do not raise the defendant's exposure, *Apprendi* does not require that they be pleaded. *See United States v. Eirby*, 262 F.3d 31, 37 (1st Cir. 2001) ("[T]he Apprendi doctrine offers no advantage to a defendant who is sentenced to a term less than the otherwise applicable statutory

maximum.").

Here, the second superceding indictment provides a quantity – a detectable amount – and a type of drug – Schedule I and Schedule II. From these elements, the defendant can be assured that his exposure at trial is 20 years (absent death or serious bodily injury from use of the substance, or a prior felony conviction for a drug offense). *See* 841(b)(1)(C). The second superceding indictment complies with *Apprendi*. *See, e.g., United States v. Dowdell*, 464 F. Supp. 2d 64, 67 (D. Mass. 2006) aff'd, 595 F.3d 50 (1st Cir. 2010) ("[F]or unquantified drug charges brought under 21 U.S.C. § 841(b)(1)(C) the drug type or quantity is not an essential element because the maximum penalty is the statutory maximum.").

In his reply, the defendant notes that the statutory maximum could be as low as one year if the drug involved was marijuana and the quantity was sufficiently small. He is correct. If those facts were proved at trial, then the defendant's exposure would be significantly limited. The existence of that possibility, however, does not mean the indictment as it now stands is insufficient. The indictment warns the defendant that he faces 20 years. There is no due process violation if he ends up sentenced to only one year. *See, e.g., United States v. Eirby*, 262 F.3d 31, 37 (1st Cir. 2001) ("Since the appellant actually received a sentence below the default statutory maximum (i.e., a sentence less than the 20–year maximum delineated in 21 U.S.C. § 841(b)(1)(C)), the sentence would withstand *Apprendi* scrutiny even if the count of conviction mentioned no drug weight at all."); *see also United States v. Jordan*, 291 F.3d 1091, 1097 (9th Cir. 2002) (Where no drug quantity was charged, a sentence in excess of 20 years was *Apprendi* error.); *United States v. Antonakeas*, 255 F.3d 714, 728 (9th Cir. 2001).

The second superceding indictment alleges facially valid charges and provides notice of the maximum penalty. It complies with *Apprendi*.

**RECOMMENDATION:**

In view of the foregoing, it is recommended that, after its independent review of the record, the District Court **DENY** the motion to dismiss indictment. (Doc. 19).

Defense counsel may serve and file written objections within 14 days. If objections are not timely filed, the party's right to de novo review may be waived. No reply to objections shall be filed unless leave is granted from the District Court.

The Clerk of the Court is directed to send a copy of this Report and Recommendation to all parties.

DATED this 3rd day of November, 2015.

*Leslie A. Bowman*
Leslie A. Bowman
United States Magistrate Judge