IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No.  4: 15-CR-883-TUC-JAS |
| Plaintiff, | |
| v. | **ORDER** |
| Mauro Fortino Flores-Villareal, | |
| Defendant. | |

Pending before the Court are three Report and Recommendations issued by United States Magistrate Judge Bowman.  Two of those Reports (Docs. 55 and 56) were not objected to by either party.  After reviewing those Reports for clear error and finding none, the Court agrees with and adopts both Reports in their entirety.  Therefore, the Defendant's Motion to Suppress Statements (Doc. 17) is GRANTED IN PART AND DENIED IN PART – the relevant statements will not be allowed in the Government's case-in-chief, but will be available for impeachment.  Additionally, the Defendant's Motion to Suppress Evidence (Doc. 18) is DENIED.

The Defendant objected to the third Report (Doc. 59), which recommended denying Defendant's Motion to Dismiss the Second Superseding Indictment (Doc. 19); therefore, the Court will review that Report *de novo*.

**FACTS**

The Court adopts the relevant facts as laid out in the Report:

> The defendant was initially charged in a two-count indictment with

aiding and abetting possession with intent to distribute and conspiracy to possess with intent to distribute a Schedule I or Schedule II controlled substance. (Doc. 5). On 9/30/15 the defendant was charged in a two-count superseding indictment with the same offenses but the word "or" between the phrases "Schedule I" and "Schedule II" was replaced with the word "and." (Doc. 23). On 10/7/15 the defendant was charged in a second superseding indictment with the same two counts, with the addition of the phrase "a detectable amount" in each charge, inserted before the phrase "of a Schedule I and Schedule II controlled substance." In all three indictments the first counts allege that the defendant violated Title 18 U.S.C. § 2 and Title 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). All Count Twos cite Title 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

**ANALYSIS**

Defendant argues that the Second Superseding Indictment ("Indictment") violates the Fifth and Sixth Amendments to the United States Constitution, Federal Rule of Criminal Procedure 7(c)(1), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which, according to Defendant, require that "any fact that increases the mandatory minimum or maximum penalty from the prescribed penalty requires the drug type and drug quantity be charged in the indictment." Because the Indictment does not specify a drug type or quantity – listing only a detectable amount of a Schedule I and Schedule II drug – Defendant argues that it does not provide sufficient notice of the penalty he faces if convicted. The Court agrees that in this case a drug type was not sufficiently identified in the Indictment.

In this Circuit, "[w]e honor the intent of Congress and the requirements of due process by treating drug quantity and type, which fix the maximum sentence for a conviction, as we would any other material fact in a criminal prosecution: it must be charged in the indictment, submitted to the jury, subject to the rules of evidence, and proved beyond a reasonable doubt." *United States v. Buckland*, 289 F.3d 558, 568 (9th Cir. 2002). Indeed, the Government admits as such in its Response to Defendant's Objection to the Magistrate Judge's Report and Recommendation (Doc. 66).

The Government argues, however, that "detectable amount" is sufficient as a drug

1  quantity and "Schedule I and Schedule II drug" is sufficient as a drug type, because it
2  places Defendant on notice that he is subject to a twenty-year maximum prison sentence.
3  In the Government's view, *Apprendi* and its progeny only require a fact to be alleged in
4  the indictment if it increases the penalty that the defendant may face.

5  The Government points to *United States v. Thomas*, 355 F.3d 1191 (9th Cir.
6  2004), for the proposition that drug quantity and type are not "elements of the offense,"
7  and that, therefore, the Government need not include them in an indictment. The
8  Government is correct that drug quantity and type are not elements of the offense that a
9  defendant necessarily admits when pleading guilty to an indictment; however, it does not
10 follow that they need not be included in the indictment. In *Thomas* itself, the Court noted
11 that "even where due process requires that a drug quantity allegation be pleaded in the
12 indictment and proved to a jury beyond a reasonable doubt, a defendant can plead guilty
13 to the elements of the offense without admitting the drug quantity allegation." *Id.* at
14 1197. Indeed, the *Thomas* court took it for granted that it is a "requirement of due
15 process that drug quantity be pleaded in the indictment, submitted to a jury, and proved
16 beyond a reasonable doubt." *Id.* at 1195. The only question to answer in that case was
17 whether that underlying fact converted drug quantity into an element of the offense that
18 was necessarily admitted as a result of a guilty plea, which was answered in the negative.

19 The Ninth Circuit explained the relevant difference between elements of an
20 offense and material elements as follows:

> A guilty plea constitutes an admission to the formal elements of an offense. We have held, however, that drug quantity and type are not formal elements of the offenses set out in 21 U.S.C.§ 841. Therefore, even though due process requires that drug type be charged in the indictment and proved beyond a reasonable doubt, a defendant can plead guilty to 21 U.S.C. § 841(a) without admitting the type of drug.

26 *United States v. Hunt*, 656 F.3d 906, 912 (9th Cir. 2011). *Hunt* makes clear that elements
27 of an offense are not the touchstone for what is required to be alleged in the indictment.
28 Rather, in drug cases, the drug type and quantity are material facts because they fix the

- 3 -

punishment to which the defendant is exposed, and as such, both type and quantity must be alleged in the indictment.

The Government next argues that it need not allege the specific drug type and quantity in the indictment because it "is not required to prove that the defendant knew the type or quantity of the controlled substance he imported to obtain a conviction…" *United States v. Jefferson*, 791 F.3d 1013, 1015-16 (9th Cir. 2015). Here, however, the Government conflates the *mens rea* required of the defendant with what the Government must charge in the indictment. It is clear, for example, that a defendant who reasonably thought he was importing marijuana could be convicted for importing methamphetamine, thereby subjecting himself to a much larger punishment. *See id.* at 1020 (Fletcher, J., concurring). It does not follow, however, that the Government need not charge in the indictment and prove to the jury beyond a reasonable doubt that the defendant did, in fact, import the methamphetamine. Rather, the indictment in such a case must specifically allege the drug type and quantity imported, because it fixes the range of penalties to which the defendant is exposed. In short, although the government does not need to prove that the defendant knew specifically what drug he was importing, it must put the defendant on notice of what charges he actually faces by listing the drug type and quantity in the indictment.

The crux of the disagreement between the parties is whether putting Defendant on notice that he faces a maximum of twenty years satisfies the requirement of *Apprendi* and its progeny. It does not. In *United States v. Hunt*, the defendant "purportedly pled guilty to attempted possession with the intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a) and 846." 656 F.3d 906, 912 (9th Cir. 2011). During the plea colloquy, "Hunt expressly denied knowledge of the contents and stated that he did not know what it contained . . . ." *Id.* at 913. In reversing the sentence, the Ninth Circuit explained that

> Because Hunt did not admit that he attempted to possess cocaine, and because the government did not prove that fact to a jury beyond a

> reasonable doubt, that fact could not be used to support an increase in the maximum statutory sentence Hunt faced. Section 841(b) contains numerous penalty provisions that correspond to various types and amounts of drugs. The penalties range from a maximum of one year in prison to a maximum of life in prison. *See, e.g.,* 18 U.S.C. § 841(b)(3) (maximum of one year for schedule V substance); § 841(b)(1)(D) (maximum of five years for less than 50 kilograms of marijuana); § 841(b)(1)(B) (maximum of 40 years for more than 500 grams of cocaine or a maximum of life in prison where death or serious injury results from the use of the drug). The district court sentenced Hunt under section 841(b)(1)(C) for possession with intent to distribute an unspecified amount of cocaine, exposing Hunt to a maximum sentence of 20 years in prison. The district court erred under *Apprendi* in sentencing Hunt under section 841(b)(1)(C) because his maximum penalty increased from one year to 20 years in prison based on a fact—Hunt's possession of cocaine—that Hunt never admitted and that the government never proved beyond a reasonable doubt to a jury.

*Id.* In short, the defendant in that case pleaded guilty to a charge based on 21 U.S.C. § 841(a); therefore, the judge's sentence based on 841(b)(1)(C) for an unspecified amount of cocaine was error because the fact exposing him to that sentence – namely, that the drug was cocaine – had not been admitted or found by a jury beyond a reasonable doubt.

Of course, there are some circumstances where it is sufficient to state a drug type and an unspecified quantity – or its equivalent, a detectable amount – in the indictment. For example, in *United States v. Vera*, the Ninth Circuit instructed a district court to sentence the defendants pursuant to 21 U.S.C. § 841(b)(1)(C) because "the jury found beyond a reasonable doubt that the conspiracy involved an unspecified quantity of at least one of those three substances [heroin, cocaine, or cocaine base]." 770 F.3d 1232, 1253 n.12 (9th Cir. 2014). The court noted that drug quantity was not an element of the offense, and because the jury found beyond a reasonable doubt that the defendants participated in a conspiracy for at least one drug which subjected them to punishment under 21 U.S.C. § 841(b)(1)(C), the district court could sentence the defendants pursuant to that statute.

Here, however, the Indictment subjects Defendant to a wide range of maximum penalties because it does not specify a drug type. As the Report states:

> [T]he defendant notes that the statutory maximum could be as low as one year if the drug involved was marijuana and the quantity was sufficiently small. He is correct. If those facts were proved at trial, then the defendant's exposure would be significantly limited. . . The indictment [also] warns the defendant that he faces 20 years.

And that very ambiguity is what *Apprendi*, *Alleyne*, and subsequent Ninth Circuit cases prohibit. Simply listing "Schedule I and Schedule II drug" in the Indictment does not sufficiently inform Defendant in this case as to the possible range of sentences he faces. This concern is precisely what motivated the Supreme Court to state that "[d]efining facts that increase a mandatory statutory minimum to be part of the substantive offense enables the defendant to predict the legally applicable penalty from the face of the indictment." *Alleyne v. United States*, 133 S.Ct. 2151, 2161 (2013). Although the Court in that case was concerned with mandatory minimums, the same reasoning applies here. A defendant must be able to determine the applicable penalty from the face of the indictment. As such, the Indictment is insufficient in this case because it does not list the drug type.

Finally, the Government argues that even if it is error not to include drug type and quantity in the Indictment, dismissal is not the proper remedy. To support this position, the Government points to *Vera*, which upheld a conspiracy conviction despite an error in the testimony presented by a government witness that invalidated the jury's finding of drug quantity. *Vera*, 770 F.3d at 1253. The Government suggests that *Vera* allows them to proceed with the Indictment and submit the missing information to the jury, purely for sentencing purposes.

That argument, however, relies on the erroneous assumption that because drug quantity and type are not formal elements of an offense, they need not be charged in an indictment. *Vera*, 770 F.3d at 1249-50 ("The tainted drug quantity verdict does not affect the validity of the underlying conspiracy conviction because drug quantity was not an

element of the charged conspiracy offense; rather, it was the functional equivalent of an element that had to be submitted to a jury and proved beyond a reasonable doubt for the purposes of sentencing alone."). As discussed earlier, however, it is not because drug type and quantity are elements of the offense that they are required to be in the indictment; rather, it is because they are material facts that fix the punishment the defendant faces. As such, because the Indictment in this case does not specify a drug type, Defendant does not have sufficient notice of the charges against him, and the Indictment must be dismissed.

**CONCLUSION**

After an independent review, the Court does not adopt the Report and Recommendation (Doc. 59). The Defendant's Motion to Dismiss the Second Superseding Indictment is GRANTED, and the Second Superseding Indictment is DISMISSED.

Dated this 16th day of January, 2016.

Honorable James A. Soto
United States District Judge